IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| LANE LELAND LARSON,<br><br>Petitioner,<br><br><br><br>vs.<br><br><br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE AND DISMISSING CASE<br><br><br><br><br><br>Civil Case No. 2:06-CV-886 TS<br><br>Criminal Case No. 2:03-CR-383 PGC |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.[1] For the reasons discussed below, the Court will deny the Motion and will close this case.

I.  BACKGROUND

On May 21, 2003, Defendant was charged in a one-count Indictment with attempted manufacture of methamphetamine in violation of 21 U.S.C. § 841(a)(1).[2] Defendant entered a

---

[1]Docket No. 1 in Case No. 2:06-CV-886 TS.

[2]Docket No. 1 in  Case No. 2:03-CR-383 PGC.

1

plea of guilty on October 8, 2003.[3] A presentence report was prepared which calculated Petitioner's base offense level at 18 and recommended a three-point reduction for acceptance of responsibility.[4] Based on a criminal history category of VI and a total offense level of 15, Petitioner's applicable guideline range was 41 to 51 months imprisonment.[5] The government objected to the presentence report, arguing that it should include an enhancement under U.S.S.G. § 2D1.1(b)(5)(C) for creating a substantial risk of harm to a minor.[6] The probation office agreed and applied the enhancement, resulting in a total offense level of 27 and a guideline range of 130 to 162 months imprisonment.[7] The Court held that the enhancement was applicable.[8] Additionally, the Court granted a downward departure based on post-offense rehabilitation, resulting in a total offense level of 25.[9] The Court sentenced Petitioner to a low-end sentence of 110 months imprisonment.[10]

---

[3] Docket No. 20 in Case No. 2:03-CR-383 PGC.

[4] *United States v. Larson*, 147 Fed. Appx. 15, 16 (10th Cir. 2005).

[5] *Id*.

[6] *Id*.

[7] *Id*.

[8] *Id*. at 17.

[9] Docket No. 28 in Case No. 2:03-CR-383 PGC.

[10] Docket No. 29 in Case No. 2:03-CR-383 PGC.

The Petitioner filed a direct appeal to the Tenth Circuit.[11] On direct appeal, Petitioner argued that the sentencing court's enhancement based on facts not found by the jury violated his Sixth Amendment rights.[12] The Tenth Circuit affirmed Petitioner's sentence.[13]

Petitioner filed his § 2255 Motion in this Court on October 16, 2006.[14] As an initial matter, the Court finds Petitioner's Motion to be timely filed. Petitioner raises five arguments in his Motion: (1) that the sentence imposed was in violation of the plea agreement; (2) that no new facts were developed to support the enhancement; (3) that the application of the enhancement violated his Sixth Amendment rights; (4) that the enhancement should have been contained in another count in the Indictment; and (5) ineffective assistance of counsel. The government responds that: (1) Petitioner's motion is barred by the appeal waiver contained in his plea agreement; (2) Petitioner's first, second, and fourth claims are procedurally barred; (3) Petitioner's third claim is barred as it has already been rejected on direct appeal; and (4) Petitioner's ineffective assistance of counsel claims do not come within an exception to the appeal waiver and fail on the merits.

---

[11]147 Fed. Appx. 15.

[12]*Id*. at 16.

[13]*Id*. at 19.

[14]Docket No. 1 in Case No. 2:06-CV-886 TS.

II.  ANALYSIS

A.   APPEAL WAIVER

In his plea agreement,[15] Petitioner waived both his direct and collateral appeal rights as follows:

> Fully understanding my right to appeal my sentence, as explained above, and in consideration of the concessions and commitments made by the United States in this plea agreement, I knowingly and voluntarily waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined, on any of the grounds in 18 U.S.C. § 3742, except I do not waive my right to appeal (1) a sentence above the maximum penalty provided in the statute of conviction, and (2) an upward departure from the final sentencing guideline range determined by the court.
> I also knowingly and voluntarily waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255.[16]

In exchange for Petitioner's plea of guilty and the waiver of his direct and collateral appeal rights, the government agreed to: (1) recommend a three-level reduction for acceptance of responsibility; (2) recommend sentencing at the low end of the guideline range found applicable; and (3) forego filing a sentencing enhancement under 21 U.S.C. § 851.

As noted above, the Court found that an enhancement under U.S.S.G. § 2D1.1(b)(5)(C) for creating a substantial risk of harm to a minor was applicable, resulting in an offense level of 27. The Court then reduced that to a total offense level of 25 based on post-offense rehabilitation. The Court sentenced Petitioner to a low end sentence of 110 months imprisonment.

---

[15]Docket No. 20 in Case No. 2:03-CR-383 PGC.

[16] *Id.*

4

"[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made."[17]  In determining the enforceability of such waivers, the Court is to consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice."[18]

1.   *Scope of Appeal Waiver*

As noted above, Petitioner signed a broad waiver of appellate rights, which included the waiver of his "right to challenge [his] sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255."[19]  The waiver contained only two exceptions: "(1) a sentence above the maximum penalty provided in the statute of conviction, and (2) an upward departure from the final Sentencing Guideline range determined by the court."[20]

Not only does this language provide for a clear, express waiver of collateral appeal rights, it also references the exact statutory provision under which this action is brought—§ 2255.  The Court detects no ambiguity whatsoever in the language.

---

[17]*United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001).

[18]*United States v. Porter*, 405 F.3d 1136, 1142 (10th Cir. 2005) (quoting *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc)).

[19]Docket No. 20 in Case No. 2:03-CR-383 PGC.

[20] *Id*.

In the instant § 2255 Motion, Petitioner's first four claims all arise out of the imposition of his sentence and his belief that the enhancement should not have been applied. Further attention must be provided to Petitioner's claim of ineffective assistance of counsel.

The Tenth Circuit has held that a waiver of post-conviction rights "does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver."[21] Petitioner makes the following claims concerning ineffective assistance of counsel: (1) counsel failed to assert Sixth Amendment claims during the sentencing hearing; (2) counsel failed to submit a reply brief to the Court of Appeals in a timely manner; (3) counsel failed to inform Petitioner of the status of his appeal; and (4) counsel failed to respond to Petitioner's correspondence concerning documents in the case. None of these allegations challenge the validity of the plea or of the waiver. Therefore, the exception stated in *Cockerham* does not apply. Thus, the Court finds that all of Petitioner's claims are within the scope of the waiver.

    2.    *Knowing and Voluntary Waiver*

The Tenth Circuit has held that it will "only enforce appeal waivers that defendants enter into knowingly and voluntarily."[22] In determining whether an appellate waiver is knowing and voluntary, the Court looks to two factors: (1) "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily,"[23] and (2) whether there was

---

[21] *Cockerham*, 237 F.3d at 1187.

[22] *Hahn*, 359 F.3d at 1328 (citing *United States v. Elliot*, 264 F.3d 1171, 1173 (10th Cir. 2001)).

[23] *Id.* at 1325 (citing *Elliot*, 264 F.3d at 1174 n.1) ("Indeed, the plea agreement, which he signed, stated that [the defendant] 'knowingly and voluntarily waive[d] the right' to appeal.").

"an adequate Federal Rule of Criminal Procedure 11 colloquy."[24] Further, the Supreme Court has stated that "the law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply *in general* in the circumstances – even though the defendant may not know the *specific detailed* consequences of invoking it."[25]

First, the Court finds that the language of the plea agreement at issue here expressly states that Petitioner entered into the agreement knowingly and voluntarily. The language of the appeal waiver states that "[f]ully understanding my right to appeal my sentence . . . I knowingly and voluntarily waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined" and further that "I also knowingly and voluntarily waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255."[26]

Next, the Court finds that there was an adequate Rule 11 colloquy conducted on the record between the Court and Petitioner.[27] The Court notes that Petitioner bears the "burden to present evidence from the record establishing that he did not understand the waiver."[28] The

---

[24]*Id.* (internal citations omitted).

[25]*United States v. Ruiz*, 536 U.S. 622, 629-30 (2002) (emphasis in original).

[26]Docket No. 20 in Case No. 2:03-CR-383 PGC.

[27]*See* Docket No. 21 in Case No. 2:03-CR-383 PGC.

[28]*United States v. Edgar*, 348 F.3d 867, 872-73 (10th Cir. 2003).

Petitioner has presented no evidence that his plea or the waiver was not knowingly and voluntarily entered into.

Further, in the written plea agreement, Petitioner signed his name beneath the following statements, among others: "No threats or promises of any sort have been made to me to induce me or to persuade me to enter this plea. . . . I have discussed this case and this plea with my lawyer as much as I wish to. I am satisfied with my lawyer. My decision to enter this plea was made after full and careful thought, with the advice of counsel, and with a full understanding of my rights, with a full understanding of the facts and circumstances of the case and with a full understanding of the consequences of the plea. I was not under the influence of any drugs, medication or intoxicants when the decision to enter the plea was made, and I am not now under the influence of drugs, medication or intoxicants. I have no mental reservations concerning the plea."[29]

Considering the above, the Court finds that both Petitioner's plea of guilty and his collateral appeal waiver were "knowingly and voluntarily made."

3.  *Miscarriage of Justice*

The third prong of the appellate waiver enforcement analysis "requires the court to determine whether enforcing the waiver will result in a miscarriage of justice."[30]

> To prove that enforcement of an appellate waiver would result in a miscarriage of justice, a defendant must establish at least one of four circumstances: (1) reliance by the court upon an impermissible factor such as race in imposition of the sentence; (2) ineffective assistance of counsel in connection with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver

---

[29]Docket No. 20 in Case No. 2:03-CR-383 PGC.

[30]*Hahn*, 359 F.3d at 1327 (internal citations omitted).

is otherwise unlawful and seriously affects the fairness, integrity, or public reputation of judicial proceedings.[31]

Petitioner bears the burden of establishing a miscarriage of justice.[32]

There is no evidence of any of the circumstances set forth above. First, there is no evidence that the Court relied upon an impermissible factor. Second, there is no evidence of ineffective assistance of counsel in connection with the negotiation of the waiver. As discussed above, Petitioner's ineffective assistance of counsel claims do allege ineffective assistance in relation to the negotiation of the waiver. Third, the sentence issued here did not exceed the statutory maximum. Finally, as will be discussed in more detail below, Petitioner does argue that the sentence did violate his Sixth Amendment rights, but those arguments were addressed and rejected by the Tenth Circuit.

The Court finds that this collateral appeal is within the scope of Petitioner's waiver, that the waiver was knowing and voluntary, and that enforcing the waiver would not result in a miscarriage of justice. Therefore, this Court will enforce Petitioner's waiver.

B.  PROCEDURAL BAR

In addition to being waived, Petitioner's first, second, third, and fourth claims are procedurally barred.

   *1.  Petitioner's First, Second, and Fourth Claims*

The Supreme Court has ruled that, because "a final judgment commands respect," it has "long and consistently affirmed that a collateral challenge may not do service for an appeal."[33]

---

[31] *Porter*, 405 F.3d at 1143 (citing *Hahn*, 359 F.3d at 1327).

[32] *United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004).

[33] *United States v. Frady*, 456 U.S. 152, 165 (1982).

Generally, the Tenth Circuit has held that § 2255 cannot be used to test the legality of matters which should have been raised on appeal.[34]  Further, if an issue is not raised on direct appeal, the defendant "is barred from raising the issue in a § 2255 motion proceeding, unless he establishes either cause excusing the procedural default and prejudice resulting [from] the error or a fundamental miscarriage of justice [if] the claim is not considered."[35]

Here, Petitioner raised only one issue on direct appeal—whether the sentence imposed violated his Sixth Amendment rights.  Petitioner did not argue that: (1) the sentence imposed was in violation of the plea agreement; (2) no new facts were developed to support the enhancement; and (3) that the enhancement should have been contained in another count in the Indictment.  Therefore, because these three issues presented in the instant § 2255 Motion were not raised and Petitioner did not pursue direct appeal, Petitioner's Motion is procedurally barred, and can only be considered by the Court if the *Frady* factors are satisfied.

      a.    *Cause and Prejudice*

To be granted relief from the procedural bar under this analysis, a petitioner must establish both cause *and* prejudice.  Therefore, even if Petitioner argues that he was prejudiced, he must also argue that sufficient cause existed in order for the Court to peer past the procedural bar.

> Complicating this cause-and-prejudice inquiry is the fact that the Supreme Court has never "attempted to establish conclusively the contours of the standard." Nevertheless, certain general guidelines have emerged from the Court's

---

[34]*United States v. Khan*, 835 F.2d 749, 753 (10th Cir. 1987); *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994).

[35]*United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996); *see also Frady*, 456 U.S. at 167-68 (A defendant can overcome this bar only by showing cause for the procedural default and actual prejudice resulting from the alleged sentencing error).

jurisprudence. A petitioner must first show "cause" for his failure to raise the legal claim in an earlier petition. Habeas petitioners may not choose to withhold claims for disposition in later proceedings, and even negligence in discovering a claim will not excuse a delay. Instead, a petitioner must show that his efforts to raise the claim at earlier stages were "impeded" by "some objective factor external to the defense," for example, where "the factual or legal basis for a claim was not reasonably available to counsel" during earlier proceedings. The standard is an *objective* one, asking not what a particular attorney or pro se petitioner actually knew but whether the claim was "reasonably available" upon diligent inquiry.[36]

The Supreme Court has further clarified that the cause and prejudice standard "applies even in cases in which the alleged constitutional error impaired the truthfinding function of the trial."[37] Further, the Supreme Court "has long understood the vital interest served by federal procedural rules, even when they serve to bar federal review of constitutional claims."[38]

"As for prejudice, a petitioner must show 'actual prejudice resulting from the errors of which he complains.' More specifically, a petitioner must demonstrate 'actual prejudice resulting from the alleged constitutional violation.'"[39]

Here, Petitioner does not address his failure to raise these issues on direct appeal. As a result, the Court finds that Petitioner has not argued, nor has he produced any evidence, that his efforts to raise this issue prior to this § 2255 appeal were impeded by some objective factor

---

[36]*Daniels v. United States*, 254 F.3d 1180, 1190 (10th Cir. 2001) (internal citations omitted) (emphasis added).

[37]*Coleman v. Thompson*, 501 U.S. 722, 747 (1991).

[38]*Id*. at 751 (emphasis omitted) (citing *Yakus v. United States*, 321 U.S. 414, 444 (1944) ("No procedural principal is more familiar to this Court than that a constitutional right may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it.")

[39]*Johnson v. Champion*, 288 F.3d 1215, 1226-27 (10th Cir. 2002) (quoting *Frady*, 456 U.S. at 168, and *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)).

external to the defense, or that the factual or legal basis for a claim was not reasonably available to counsel during earlier proceedings. Petitioner has not made any explanation for his failure to raise these issues at the appropriate time or in the appropriate context. While Petitioner has alleged ineffective assistance of counsel, his ineffective assistance claims do not relate to the three issues set forth above.

Based upon the above, the Court further finds that Petitioner has established neither cause nor prejudice under *Frady*[40] which would excuse his procedural default. Therefore, Petitioner's claims are procedurally barred.

### b. *Fundamental Miscarriage of Justice*

In order to establish a "fundamental miscarriage of justice," Petitioner must make a colorable showing of innocence.[41] Indeed, the Tenth Circuit has stated that "the § 2255 movant who challenges his conviction can overcome the procedural bar if he can demonstrate that the constitutional error 'has probably resulted in the conviction of one who is actually innocent.'"[42]

Here, Petitioner does not argue that he was innocent. Given the Court's findings herein, the Court further finds no miscarriage of justice in this case which would remove the *Frady* procedural bar.

### 2. *Petitioner's Third Claim*

Petitioner's Sixth Amendment claim is also procedurally barred. "An issue disposed of on direct appeal will generally not be reconsidered on a collateral attack by a motion pursuant to

---

[40] 456 U.S. at 167-68.

[41] *Herrera v. Collins*, 506 U.S. 390, 404 (1993).

[42] *United States v. Wiseman*, 297 F.3d 975, 979 (10th Cir. 2002).

28 U.S.C. § 2255. However, a motion under Section 2255 may be proper when there was been an intervening change in the law of a circuit."[43] Petitioner has cited no change in the law concerning his Sixth Amendment claim. It should be noted that the Tenth Circuit considered *Blakely*[44] and *Booker*[45] in Petitioner's direct appeal affirming his sentence.[46] Thus, the Court is precluded from considering Petitioner's Sixth Amendment claims.

C.   INEFFECTIVE ASSISTANCE OF COUNSEL

Even if Petitioner's ineffective assistance of counsel claim was not barred by his waiver of post-conviction rights, the Court finds that it lacks merit.

The Supreme Court has set forth a two-pronged test to guide the Court in making a determination of ineffectiveness of counsel. "To demonstrate ineffectiveness of counsel, [Petitioner] must generally show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial."[47]

To successfully claim ineffective assistance then, Petitioner must show two things. First, he must show that Counsel functioned deficiently.[48] "This requires showing that counsel made

---

[43]*United States v. Nolan*, 571 F.2d 528, 530 (10th Cir. 1978) (internal citations omitted). *See also United States v. Prichard*, 975 F.2d 789, 791 (10th Cir. 1989) ("Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255.").

[44]*Blakely v. Washington*, 542 U.S. 296 (2004).

[45]*United States v. Booker*, 543 U.S. 220 (2005).

[46]147 Fed. Appx. at 17–19.

[47]*United States v. Lopez*, 100 F.3d 113, 117 (10th Cir. 1996) (citing *Strickland v. Washington,* 466 U.S. 668 (1984)).

[48]*Strickland*, 466 U.S. at 687.

errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment."[49]  Second, he must show that Counsel's deficient functioning prejudiced Petitioner's defense.[50]  "This requires showing that counsel's errors were so serious as to deprive [Petitioner] of a fair [proceeding], . . . whose result is reliable."[51]  Without both of these showings, Petitioner may not prevail in arguing that his conviction "resulted from a breakdown in the adversary process that renders the result unreliable."[52]

A Court is to review Petitioner's ineffective assistance of counsel claim from the perspective of his counsel at the time he or she rendered the legal services, not in hindsight.[53]  In addition, in evaluating counsel's performance, the focus is not what is prudent or appropriate, but only what is constitutionally compelled.[54]  Finally, there is "a strong presumption that counsel provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption."[55]

Petitioner makes the following claims concerning ineffective assistance of counsel: (1) counsel failed to assert Sixth Amendment claims during the sentencing hearing; (2) counsel failed to submit a reply brief to the Court of Appeals in a timely manner; (3) counsel failed to

---

[49]*Id.*

[50]*Id.*

[51]*Id.*

[52]*Id.*

[53]*Hickman v. Spears*, 160 F.3d 1269, 1273 (10th Cir. 1998).

[54]*United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984).

[55]*United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2002).

inform Petitioner of the status of his appeal; and (4) counsel failed to respond to Petitioner's correspondence concerning documents in the case.

Petitioner has alleged no prejudice from counsel's failure to make the arguments raised in the § 2255 Motion.  As such, Petitioner's ineffective assistance claim is without merit.

### III.  CONCLUSION

Based upon the above, it is hereby

ORDERED that Petitioner's Original § 2255 Motion (Docket No. 1 in Case No. 2:06-CV-886 TS) is DENIED for the reasons set forth above.  It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required.

The Clerk of Court is directed to close Case No. 2:06-CV-886 TS forthwith.

SO ORDERED.

DATED   December 10, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge